UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No.  4:23-CR-00335 |
| JAVIER ALEJANDRO AGUILAR MORALES, | § § § § | |
| Defendant. | § | |

## MOTION TO DESIGNATE CASE AS COMPLEX AND TO EXCLUDE TIME

The United States of America, through its undersigned attorneys, respectfully moves that the Court designate this case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*

### BACKGROUND

This case involves substantial factual overlap with a case that has been pending in the Eastern District of New York since 2020.  A grand jury sitting in the Eastern District of New York first returned an indictment against the defendant Javier Aguilar on September 20, 2020.  *See United States v. Aguilar*, Case No. 20-CR-390 (EDNY), ECF Dkt. No. 13.  The indictment charged Aguilar with one count of conspiracy to violate the Foreign Corrupt Practices Act ("FCPA") and one count of conspiracy to commit money laundering.  Both counts concerned a scheme to bribe Ecuadorian officials on behalf of Aguilar's employer, Vitol, Inc.  On December 2, 2022, a grand jury sitting the Eastern District of New York returned a superseding indictment, which charged Aguilar with five counts.  *See United States v. Aguilar*, Case No. 20-CR-390 (EDNY), ECF Dkt. No. 120.   Counts One and Three contained conspiracy and substantive FCPA charges concerning the Ecuadorian bribery scheme.   Counts Two and Four contained conspiracy

1

and substantive FCPA charges concerning a separate but related scheme to bribe Mexican officials on behalf of Vitol, Inc. Count Five contained a money laundering conspiracy charge related to both bribery schemes.

On May 31, 2023, the Honorable Eric N. Vitaliano of the Eastern District of New York granted—with the government's consent—Aguilar's motion to dismiss, for lack of venue, Counts Two and Four of the superseding indictment. *United States v. Aguilar*, Case No. 20-CR-390 (EDNY), ECF Dkt. No. 154, at 2. Judge Vitaliano dismissed the two counts "without prejudice to their refiling in a court of competent jurisdiction." *Id.* Judge Vitaliano, however, denied Aguilar's motion to the extent it sought dismissal of the money laundering conspiracy charge (Count Five).

On August 3, 2023, a grand jury sitting in the Southern District of Texas returned a five-count indictment against Aguilar. Counts One and Two of the indictment were substantially the same as the two counts that had been dismissed for lack of venue in the Eastern District of New York. The remaining three counts allege violations of the Travel Act and money laundering, all of which also related to the Mexican bribery scheme. Shortly after return of the indictment in Houston, Aguilar filed a renewed motion to dismiss the "Mexico-related" portion of Count Five in the Eastern District of New York, which remains pending. *See United States v. Aguilar*, Case No. 20-CR-390 (EDNY), ECF Dkt. No. 169.[1] Trial was initially scheduled to begin in the Eastern District of New York on July 5, 2023. On May 15, 2023, Aguilar moved to adjourn the trial,

---

[1] Aguilar has also filed two suppression motions in the Eastern District of New York, both of which were denied (one after a hearing), three requests for bills of particulars, which were substantially denied, and a motion to sever, which was denied. Aguilar's counsel has stated that Aguilar may seek to refile the same or similar motions in these proceedings.

which motion was granted. Trial is now scheduled to begin in the Eastern District of New York on January 2, 2024.

Since Aguilar was charged in 2020, the government has produced over two million pages of discovery to Aguilar in addition to audio recordings and other evidence. The discovery in the case pending in the Eastern District of New York is substantially identical to the discovery in this case. Much of this discovery is in foreign languages, principally Spanish.

## ARGUMENT

Under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* ("Act"), a defendant's trial must generally commence within 70 days of his indictment or first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). The Act, however, excludes certain periods from this computation, including continuances granted for complex cases.

The Court may toll the 70-day period if it finds that the ends of justice would be served by granting a continuance and "outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). In determining whether the ends of justices would be so served under this provision, the Court must consider the factors enumerated at 18 U.S.C. § 3161(h)(7)(B), which include (as applicable):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the prescribed time limit.

\* \* \*

    (iv)        Whether the failure to grant such a continuance, which, taken as a whole, is not so unusual or so complex as to fall within [the above provision] . . . would deny counsel for the defendant or attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Id.* at §§ 3161(h)(7)(B)(i), (ii) & (iv).

In addition, the Fifth Circuit has also recognized that voluminous discovery and a case's "long and complicated" procedural history may be relevant factors in designating a case as complex. *See e.g.*, *United States v. Edelkind*, 525 F.3d 388, 397 (5th Cir. 2008); *United States v. Bieganowski*, 313 F.3d 264, 282 (5th Cir. 2002) (upholding a continuance based on an "ends of justice" analysis after the district court designated the case complex based on the high volume of discovery); *see also United States v. Eversole*, 783 F. Supp. 2d 972, 975 n. 5 (S.D. Tex. 2011) (granting an "ends of justice" continuance, based in part, on the amount of discovery involved).

Applying these considerations here, the United States respectfully requests that the case be certified as complex. Though the United States is prepared to try this case on the schedule set by the Court (with trial set to begin on October 16, 2023), the defendant has informed the United States that he will seek a continuance of that trial date to a date after the trial scheduled in the Eastern District of New York. Given the volume of discovery involved, the case's procedural and factual complexity, and the previously scheduled New York trial date of January 2, 2024, the United States does not object to the defendant's proposed continuance, provided that this case is also designated as complex and time is excluded under the Speedy Trial Act.

## **CONCLUSION**

The United States respectfully requests that the Court designate this case as complex and tolling the time limits under the Speedy Trial Act, continue all deadlines, and issue a revised

Scheduling Order reflecting a trial date the Court deems appropriate, considering the matters stated herein.

        Respectfully submitted,

        ALAMDAR S. HAMDANI
        United States Attorney

By:    */s/ Sherin Daniel*
        Sherin Daniel
        Suzanne Elmilady
        Assistant United States Attorneys
        Southern District of Texas
        Tel: (713) 567-9000

        GLENN S. LEON
        Chief, Fraud Section
        Criminal Division, U.S. Dept. of Justice

By:    /s/
        Derek J. Ettinger
        Jonathan P. Robell
        Assistant Chiefs, FCPA Unit
        Clayton P. Solomon
        Trial Attorney, FCPA Unit

        MARGARET A. MOESER
        Acting Chief, Money Laundering and Asset
          Recovery Section
        Criminal Division, U.S. Dept. of Justice

By:    /s/
        D. Hunter Smith
        Trial Attorney, International Unit

BREON PEACE  
United States Attorney  
Eastern District of New York

By: _____/s/_____  
Jonathan P. Lax  
Assistant U.S. Attorney

**Certificate of Service**

I certify that, on the date this was filed with the Court, a copy of this foregoing was provided to counsel for defendants via ECF and/or e-mail.

*/s/ Sherin Daniel*
Sherin Daniel
Assistant U.S. Attorney

**Certificate of Conference**

The government attempted to obtain the defendant's position as to this motion shortly before 5:00pm CDT on August 29th. The government is therefore filing the motion before the status conference scheduled for August 30th at 10:00am at which defendant's counsel may state their position.

*/s/ Sherin Daniel*
Sherin Daniel
Assistant U.S. Attorney