UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| v. § § | No. 4:23 Cr. 335 (GCH) |
| JAVIER ALEJANDRO § | |
| AGUILAR MORALES § | |

# DEFENDANT JAVIER AGUILAR'S UNOPPOSED MOTION FOR CONTINUANCE PENDING RESOLUTION OF POST-TRIAL PROCEEDINGS IN PARALLEL PROSECUTION

Defendant Javier Aguilar respectfully moves for a continuance of the trial date and all pretrial deadlines. Counsel for Mr. Aguilar has conferred with counsel for the government, who have no objection to this request. In support, Mr. Aguilar states as follows:

**New Counsel Representing Defendant Javier Aguilar**

1. On June 4, 2024, the Court granted defense counsel's motion to appear in the U.S. District Court for the Southern District of Texas *pro hac vice* for purposes of representing Mr. Aguilar in the above-captioned pending case. (ECF No. 51). That same day, counsel filed a notice of appearance in this case. (ECF No. 52).

2. In the short time since we have been retained, defense counsel has been diligently reviewing the record and the numerous legal and factual issues that arose at trial in the Eastern District of New York in preparation for sentencing. At the same time, defense counsel has been engaging the government in discussions to determine whether a global

resolution of the Southern District of Texas and Eastern District of New York cases can be reached.

3. A global resolution would obviate the necessity of extensive motion practice and a second trial based on a subset of facts that have already been heard by the judge and jury in the Eastern District of New York case.

4. A trial in the Southern District of Texas would likely extend for several weeks, would reprise a subset of evidence from the first trial, and would not serve the interests of judicial economy. We asked the government to consent to having the pending indictment in this Court sent to the Eastern District of New York for plea and sentencing, pursuant to Fed. R. Crim. P. 20. The government has not determined whether it will consent to a Rule 20 motion absent an agreement on other issues; nonetheless, the parties continue to negotiate in good faith.

**Relevant Procedural History in the Southern District of Texas**

5. On August 3, 2023, a grand jury in this district indicted Mr. Aguilar on five counts, ECF No. 1, including two that the Honorable Eric N. Vitaliano dismissed for lack of venue in the Eastern District of New York where the government originally had charged them, *see United States v. Aguilar*, No. 20 Cr. 390 (ENV), 2023 WL 3807383 (E.D.N.Y. May 31, 2023).

6. On February 29, 2024, this Court entered an Amended Scheduling Order. ECF No. 49. The Amended Scheduling Order set a deadline of July 12, 2024 for all pretrial motions to be filed in this case, with responses due on July 22, 2024. The Court further set a pretrial conference for August 19, 2024 and a trial date of August 26, 2024.

**Procedural Posture Of Parallel Proceedings In The Eastern District of New York**

7.      On January 2, 2024, the Parties began trial before Judge Vitaliano on three counts, one of which—a money-laundering conspiracy charge—encompasses the same alleged "Mexico Bribery Scheme" that undergirds all five charges pending in this Court. Compare Redacted Superseding Indictment ¶¶ 37–46; 55–56, *Compare United States v. Aguilar*, No. 20 Cr. 390 (ENV) (E.D.N.Y. Jan. 6, 2024) (ECF No. 244) (Mexico-related allegations tried before the Eastern District of New York jury), *with* ECF No. 1 (realleging the same in this district).

8.      On February 23, 2024, the jury convicted Mr. Aguilar on the three counts that were tried in the Eastern District of New York proceeding.

9.      On May 24, 2024, counsel for Mr. Aguilar in the Eastern District of New York filed Rule 29 and Rule 33 motions, moving for a judgment of acquittal or, in the alternative, a new trial. (ECF Nos. 354, 354-1).

**Further Proceedings In The Eastern District of New York Will Affect What Happens Next In This Court**

10.     In light of the factual and legal overlap between the ongoing proceedings in the Eastern District of New York and the charges pending before this Court, Mr. Aguilar respectfully submits that it unnecessarily would tax judicial resources to proceed with pretrial motions or trial in this case while the outcome of the Eastern District of New York proceeding remains uncertain. In particular, Judge Vitaliano's resolution of post-trial motions in that parallel case will affect the number and nature of motions that the Parties may seek to file in this Court.

11. For example, Mr. Aguilar asserts that an acquittal on the Mexico-related money-laundering conspiracy charge in the Eastern District of New York trial would preclude retrying him in this district under the Double Jeopardy Clause, a right forever lost if pretrial and trial proceedings go forward in this Court under the Amended Scheduling Order's upcoming deadlines. *See Abney v. United States*, 431 U.S. 651, 662 (1977) ("[I]f a criminal defendant is to avoid exposure to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs."); *United States v. Mock*, 604 F.2d 341, 344 (5th Cir. 1979) ("[W]e must 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter,' in order to assess the applicability of collateral estoppel." (quoting *Ashe v. Swenson*, 397 U.S. 436, 444 (1970)). The Parties would need to brief these and other issues before this Court before proceeding to trial in this district. See *Abney*, 431 U.S. at 662 ("[P]retrial orders rejecting claims of former jeopardy . . . constitute 'final decisions,' and thus satisfy the jurisdictional prerequisites of [28 U.S.C.] § 1291.").

12. Numerous other legal issues will need to be litigated in this Court if this case proceeds to trial: multiple suppression motions, including one under the Fourth Amendment and a separate one under the Fifth Amendment; motions to dismiss that rely on Mexican constitutional, criminal, and administrative law, which the Parties briefed extensively in the Eastern District of New York proceeding; and many others. Until there is further clarity about whether this matter will proceed to trial and, if so, in what form, Mr. Aguilar respectfully

submits that it is neither necessary nor efficient to burden the Court with these and other motions.

13. Mr. Aguilar consents to the exclusion of speedy-trial time between now and the status conference that he respectfully requests the Court schedule, so that the Parties can reassess what (if any) further proceedings are necessary in this district and, if so, what an appropriate schedule would be.

14. Complicating the August 26, 2024 trial date is the fact that we, as counsel new to the case, would need sufficient time to prepare to defend Mr. Aguilar at trial in the Southern District of Texas. Candidly, our resources at the moment are focused on determining whether a satisfactory global resolution of the cases can be achieved.

WHEREFORE, Mr. Aguilar respectfully requests that the Court grant this unopposed motion; continue pretrial and trial deadlines in this proceeding; and schedule a status conference with the Parties as the Court's schedule permits in August or September 2024.

Respectfully submitted,

Ilene Jaroslaw

ELLIOTT KWOK LEVINE JAROSLAW NEILS LLP
565 Fifth Avenue, 7th Floor
New York, NY 10017
(212) 321-0510
ijaroslaw@ekljlaw.com

cc: All counsel
    *Via ECF*